In the Fourth Court Of Appeals

Fourth Court Of Appeals District

San Antonio Texas Bexar County

Maryann Castro

v.

Manuel Castro



Re: Court Of Appeals Number: 04-14-00785-CV

Trial Court Case 2011 –CI-15957

To Honorable Court Of Appeals

Judge LittleJohn

## Motion of Consideration for a new hearing with original Judge

Here comes Maryann Castro appellant the agreement for final divorce on Oct 30, 2013 to be modified voided by the original Judge Canales who did not know of Appellee Manuel Castro Active Bankruptcy, non-payment of mortgage and overvalue of community .

Appellant Maryann Castro was misrepresented on Oct 30,2013 by Counsel Dinorah Diaz. Counsel Dinorah Diaz refused to correct the error she caused and accepted as Appellant Maryann Castro counsel she wanted an additional

5000 to correct mistake of Counsel and ignored Appellant Maryann Castro request to correct mistake of Counsel.

Counsel Dinorah Diaz erred in the agreement for final divorce hiding the fact that Appellee Manuel Castro was not paying mortgage.

Counsel Dinorah Diaz accepted a Comparative Market Analysis a realtor's opinion to overvalue Community at 351,000 and Appellant Maryann Castro was not given her right to present the Certified Appraisal actual home value is 225,000.

Appellee Manuel Castro was in Active bankruptcy and the lift stay motion was not filed and both Counsels still proceeded in the agreement for final divorce legal malpractice costing Appellant Maryann Castro 40,000 of fraud equity the Community has no equity.

Appellant Maryann Castro was misrepresented by Counsel Sarah Lishman

Appellant Maryann Castro no longer has counsel Sarah Lishman who wanted additional 5,000 to take case to Appeals court Appellant Maryann Castro could not afford to retain her.

Appellant Maryann Castro will represent herself in trial court in the Agreement for Final Divorce challenge of fraud it contains.

Appellee Manuel Castro was not paying the mortgage

Appellee Manuel Castro had the community in bankruptcy and failed to tell the Court and appellant Maryann Castro.

Equitable distribution of martial property date of valuation there was an error, a Comparative market analysis was used A realtors opinion- has no value it has commission for a realtor and it states not to be used as an appraisal only a *realtors* opinion. And it was used to commit fraud by overvaluing community at 351,000.The trial court did not expressly state in the agreement the valuations of the community a Comparative Market analysis-realtors opinion was used and it was overvalued by a realtor seeking a high commission on a mortgage that appellee Manuel Castro did not pay and hid from Appellant Maryann Castro and the Court.

Family law and bankruptcy section if the divorce does not seek any type of property division the stay does not need to be lifted. A motion to lift stay must be done prior to granting a divorce if one of the parties is involved in a pending bankruptcy. But under 362(B)(2)(iv) if there is not a property division then there is no need to lift the stay. If there is to be a property division the stay must be lifted prior to granting of final divorce decree.

Exhibit a

A Certified appraisal is valid and Appellant Maryann Castro has the actual value of community at 225,000.

Appellee Manuel Castro was in active bankruptcy and failed to tell the court the stay was not lifted and still attempted to commit fraud overvaluing community at 351,000.

Counsel for Appellee Manuel Castro Attempted to have counsel enforce a motion to sell Community forcefully knowing appellant Maryann Castro was challenging agreement due to fraud, bankruptcy. Appellee Manuel Castro did not pay the mortgage.

Appellant Maryann Castro prays to the court for Justice.

Maryann Castro

Maryann Castro-pro se

Appellant 3/18/15 Sent

1501 Olive

Jourdanton Texas 78026

8304960133

Pacattitude2014@gmail.com

# Exhibit a

# D-I-V-O-R-C-E

The general issues surrounding a divorce and bankruptcy is what type of divorce is being sought and who are the parties to the divorce. Now, I know the second part of that sentence sounds particularly odd, but bear with me. It is assumed by most family law judges a motion to lift stay must be done prior to their granting a divorce if one of the parties is involved in a pending bankruptcy. This is not so.

If your client just wants to be divorced from their lovely spouse and does not seek any type of property division, the stay does not need to be lifted. This situation arises primarily when one spouse has not seen, heard from, or has cared where the other spouse has resided for a number of years. What prompts them to seek a divorce after years of peaceful non-cohabitation is their new significant other would like to give a go at this marriage thing and suddenly realizes they cannot marry as your client is still married to someone they have not seen in 10 years. So, in the interest of treating their new significant other as a foreclosure house that needs some renovation to make it more habitable, the push is to get them to straighten out their life in the form of a bankruptcy and a divorce. Think of it as a personal deep spring cleaning; sweep out the old debts and old relationships so this new one can flourish.

But, under § 362(b)(2)(iv) if there is not a property division, then there is no need to lift the stay. As a practical consideration, though, convincing a scared, leery of sanctions, state court judge, the stay does not need to be lifted will be difficult. The state court judge wants the protection of the stay being lifted to avoid any unpleasant treatment by the bankruptcy judge.

If there is to be a property division, then the stay must be lifted prior to the granting of a final decree. The thorny issue for you is that odd statement I made at the beginning of this section, who are the parties to the divorce? If it is your, at one time happy joint debtors, in your chapter 13 bankruptcy, then there may be ethical considerations for you to consider. Issues concerning how the property is to be divided; who will be responsible for paying the trustee fees; whether there will be one joint bankruptcy after the divorce or will there be two; and whether both will stay in the same chapters. Your continued representation of both debtors seeking a divorce in state court could prove impossible if they choose to sever their case with each ending up with their own bankruptcy. How do you reconcile classifications of debt in the new bankruptcies with the adverse effects for who is liable for what debt, innocent spouse liability under IRS regulation, discharge issues as to debts against each spouse, etc. Paying attention to